IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HAROLD THOMAS ROGERS, et al.,

    Plaintiffs,

v.                                                          CIVIL ACTION NO. 2:25-cv-00182

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants E. Gordon Gee and Deana Morrow's Motion to Dismiss, [ECF No. 7]. Plaintiffs Harold Thomas Rogers, Miranda Lacy, The National Federation of the Blind ("NFB"), and the National Federation of the Blind of West Virginia ("NFBWV") timely responded, [ECF No. 15], and Defendants timely replied, [ECF No. 20]. The matter is ripe for review.

**I.    BACKGROUND**

Plaintiffs bring this action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132,[1] and § 504 of the Rehabilitation Act, 29 U.S.C. § 794,[2] against the West Virginia University ("WVU") Board of Governors ("BOG"), for allegedly failing to provide reasonable accommodations and equal access to programs and services. [ECF No. 1]. In addition

---

[1] Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

[2] Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a).

to the BOG, Plaintiffs name E. Gordon Gee, President of WVU, and Deanna Morrow, Director of WVU's School of Social Work,³ as defendants in their official capacities. *Id.* ¶¶ 30–31.

Mr. Rogers and Ms. Lacy are blind graduate students enrolled in WVU's Master of Social Work online program. *Id.* ¶¶ 1, 3, 5. They rely on assistive technology, including screen readers and screen magnification software, to access course materials and complete their academic work. *Id.* ¶¶ 5–9. Plaintiffs sought accommodations through WVU's Office of Student Accommodations, including accessible digital materials, auxiliary aids, and extended time on exams. *Id.* ¶¶ 33–34.

The NFB is a nonprofit that advocates for the rights of blind individuals nationwide, and NFBWV advances similar goals within the state. *Id.* ¶¶ 19–21, 23–24. As part of their missions, NFB and NFBWV actively "pursue[] litigation . . . and work[] with institutions of higher education . . . to ensure that the blind receive equal access to higher education." *Id.* ¶ 21; *see also id.* ¶ 24. Mr. Rogers and Ms. Lacy are members of both NFB and NFBWV. *Id.* ¶¶ 22, 25.

Plaintiffs claim WVU denied them an education comparable to that of sighted students. Specifically, Plaintiffs allege that WVU repeatedly provided Mr. Rogers and Ms. Lacy with inaccessible textbooks, untagged PDFs,⁴ and course materials incompatible with their assistive technology, and failed to remediate inaccessible online platforms. *Id.* ¶¶ 37–42, 48–53, 76–80. Plaintiffs further allege discriminatory treatment during required field placements, including

---

³ Plaintiffs represent that Director Morrow may have retired as of June 2025. [ECF No. 15, at 3 n.1]. Plaintiffs, however, have not sought to substitute the current Director or Acting Director of the School of Social Work as a party. To the extent that either President Gee or Director Morrow has resigned or otherwise ceased to hold office, their respective successors are automatically substituted as parties pursuant to Federal Rule of Civil Procedure 25. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

⁴ A "tagged PDF" is a PDF document that includes extra structural information to make it accessible to people using assistive technologies like screen readers. [ECF No. 1, ¶ 41].

denial of assistive technology, baseless accusations of academic misconduct, and inadequate planning to ensure accessibility. *Id.* ¶¶ 84–99, 109–117.

Plaintiffs claim WVU's practices violate Title II of the ADA and Section 504 of the Rehabilitation Act. *Id.* ¶¶ 136–69. They seek declaratory and injunctive relief requiring WVU to provide timely and accessible educational materials and field placements, as well as compensatory damages, attorneys' fees, and such other relief as the court may deem just. *Id.* ¶ 170.

President Gee and Director Morrow move to dismiss the claims against them in their official capacities pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [ECF Nos. 7, 8]. Because Plaintiffs fail to plausibly allege a claim against Defendants Gee and Morrow, the motion, [ECF No. 7], is **GRANTED**.

## II.   LEGAL STANDARD

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In resolving a motion to dismiss under Rule 12, the court may not consider "matters outside the pleadings," Fed. R. Civ. P. 12(d). Specifically, the court considers only those "documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

Generally, a pleading under the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440). These factual allegations,

taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

### III. DISCUSSION

The allegations against President Gee and Director Morrow fall short of what the federal rules require. The 170-paragraph Complaint references these Defendants only once, and then merely to identify their titles. [ECF No. 1 ¶¶ 30–31]. That is not enough. To survive a motion to dismiss, a complaint must allege facts showing a plausible basis for liability. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56. Identifying a person's job title, without alleging their involvement in the conduct at issue, does not meet that standard.

Plaintiffs argue that President Gee and Director Morrow are proper defendants under *Ex parte Young*, 209 U.S. 123 (1908),[5] because Plaintiffs seek prospective injunctive relief for alleged ongoing violations of federal law. [ECF No. 15, at 2]. Assuming *Ex parte Young* applies here, it requires more than just naming some state official. The official sued must have "some connection" or "special relation" with the enforcement of the challenged conduct. *Doyle v. Hogan*, 1 F.4th 249,

---

[5] The Eleventh Amendment to the United States Constitution generally bars suits against a state or its agencies in federal court, absent consent or valid abrogation by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). In *Ex parte Young*, 209 U.S. 123 (1908), however, the Supreme Court of the United States carved out a narrow exception: state officials may be sued in their official capacities for prospective injunctive relief to halt ongoing violations of federal law. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

254 (4th Cir. 2021) ("*Ex parte Young* authorizes suits only against officers with 'some connection with the enforcement of the act.'" (quoting *Ex parte Young*, 209 U.S. at 157)). "A general 'supervisory' role does not permit an individual to sue an officer under *Ex Parte Young*." *Id.* at 256 (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)).

Plaintiffs need not allege that the defendants directly participated in the alleged wrongdoing to bring a proper *Ex parte Young* claim. But the complaint must at least allege that the officials have the authority to order the relief requested. *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008) ("'[S]pecial relation' under *Ex parte Young* has served as a measure of proximity to and responsibility for the challenged state action. This . . . requirement ensures that a federal injunction will be effective with respect to the underlying claim."); *see also*, *Antrican v. Odom,* 290 F.3d 178, 188–89 (4th Cir. 2002) (applying the *Ex parte Young* exception to state officials overseeing state Medicaid program where plaintiffs alleged the wrongful denial of Medicaid services); *D.T.M. ex rel. McCartney v. Cansler*, 382 F. App'x 334, 338 (4th Cir. 2010) (finding the *Ex parte Young* exception was properly applied to state official responsible for administering state Medicaid program in suit alleging wrongful reduction and termination of Medicaid benefits); *Taaffe v. Drake*, No. 2:15-CV-2870, 2016 WL 1713550, at *6 (S.D. Ohio Apr. 29, 2016) (finding the complaint sufficiently alleged defendants had "the ability to order" the relief sought to satisfy the *Ex parte Young* connection requirement).

Here, the Complaint does not allege that either President Gee or Director Morrow has the authority to direct ADA or Rehabilitation Act compliance, control the Office of Student Accommodations, or set policy on course material accessibility. Plaintiffs attempt to fill that gap in their briefing by quoting bylaws that describe the President's role in general terms and by asserting, on information and belief, that the Director of WVU's School of Social Work manages

5

the school's daily operations. [ECF No. 15, at 4].[6] Even if these assertions could properly be considered part of the Complaint, they reflect nothing more than broad supervisory responsibility. The "special relation" required by *Ex parte Young* demands more than general authority. *McBurney v. Cuccinelli*, 616 F.3d 393, 399–401 (4th Cir. 2010); *Doyle*, 1 F.4th at 256.

Accordingly, the Complaint fails to plausibly allege that either President Gee or Director Morrow has the authority or connection necessary to be a proper defendant under *Ex parte Young*. The claims against them therefore cannot proceed.

IV.   **CONCLUSION**

Accordingly, Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED**. Counts I and II are **DISMISSED WITHOUT PREJUDICE** as to Defendants E. Gordon Gee and Deanna Morrow.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:     October 6, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[6] "Upon information and belief, President Gee is the 'educational and administrative head of the University,' who 'exercise[s] a general superintendence over all the affairs of the institution' and acts as 'the spokesperson for the University.'" [ECF No. 15, at 4 (quoting W. Va. Univ. Bd. of Governors, By-Laws, art. VI, § 6.01, https://bog.wvu.edu/by-laws (last visited Sept. 30, 2025))]. "Additionally, President Gee has 'control over the day-to-day business affairs and operations of West Virginia University.'" *Id.* (quoting W. Va. Univ. Bd. of Governors, By-Laws, art. VI, § 6.02). "Upon information and belief, Director Morrow oversees all day-to-day functions of the School of Social Work at WVU." *Id.*