IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HAROLD THOMAS ROGERS, et al.,

        Plaintiffs,

v.                                                    CIVIL ACTION NO. 2:25-cv-00182

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Partial Objection, [ECF No. 115], to United States Magistrate Judge Dwane L. Tinsley's December 8, 2025 Order, [ECF No. 103], granting in part and denying in part Defendant's motion for a protective order. Plaintiff timely responded in opposition, [ECF No. 122], to which Defendant timely replied, [ECF No. 130]. For the reasons set forth below, Defendant's objections, [ECF No. 115], are **OVERRULED.**

**I. BACKGROUND**

The background of this matter has been set forth in a prior order of the court. *See* [ECF No. 54.] It is summarized briefly here for context.

Plaintiffs Harold Thomas Rogers and Miranda Lacy are visually impaired graduate students enrolled in West Virginia University's ("WVU") online Master of Social Work program and rely on assistive technologies, including screen readers and magnification software, to access course materials. [ECF No. 1, ¶¶ 1–9]. Plaintiffs bring this action pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act,

29 U.S.C. § 794, against Defendant for allegedly failing to provide reasonable accommodations and equal access to educational programs and services. *See generally id.*

Specifically, Plaintiffs allege that, despite requesting accommodations through WVU's Office of Student Accommodations ("OSA"), they were repeatedly provided with inaccessible textbooks, electronic documents, and course materials incompatible with their assistive technology and that WVU failed to remediate inaccessible online platforms. [ECF No. 1, ¶¶ 33–34, 37–42, 48–53, 76–80]. Plaintiffs further allege discriminatory treatment during required field placements, including denial of assistive technology, unfounded accusations of academic misconduct, and inadequate planning to ensure accessibility. *Id.* ¶¶ 84–99, 109–17. Plaintiffs seek declaratory and injunctive relief requiring WVU to provide timely, accessible educational materials and field placements, as well as compensatory damages. *Id.* ¶ 170.

On June 10, 2025, the court entered a Scheduling Order, [ECF No. 28], which was later amended upon motion on December 31, 2025, [ECF No. 121]. Under the operative Amended Scheduling Order, the deadline to serve written discovery is February 18, 2026, and the deposition deadline and close of discovery is April 3, 2026. [ECF No. 121].

Pursuant to the Court's Standing Order, [ECF No. 4], and 28 U.S.C. § 636, all discovery disputes in this case were referred to Magistrate Judge Tinsley. On October 3, 2025, Plaintiffs filed a Rule 30(b)(6) deposition notice requiring Defendant to designate a representative to testify regarding twenty-seven areas of examination ("topics"). [ECF No. 52]. On November 5, 2025, Defendant filed a motion for protective order seeking to quash five of those topics: Topics 2, 3, 14, 15, and 24. [ECF No. 72].

On December 8, 2025, Magistrate Judge Tinsley entered an order granting in part and denying in part Defendant's motion for protective order. [ECF No. 103]. Relevant here, Magistrate

Judge Tinsley denied Defendant's motion as to Topic 24. *Id.* at 14. Topic 24 seeks information regarding "[a]ny evaluation WVU has taken to determine if providing any specific modifications to its policies to ensure that blind students have equal access would fundamentally alter a service or program or would result in undue financial or administrative burden." [ECF No. 52].

On December 22, 2025, Defendant filed objections to the Magistrate Judge's order, challenging the ruling as to Topic 24. [ECF No. 115]. Defendant argues that Magistrate Judge Tinsley failed to account for the reasonable particularity requirement of Rule 30(b)(6) and the proportionality requirements of Rule 26(b). [ECF No. 115, at 1]. Specifically, Defendant contends that Topic 24

> (1) broadly seeks information regarding "any evaluation" that has been undertaken to determine whether any "specific modifications" would fundamentally alter any service or program or result in undue financial or administrative burden, without regard to whether Defendant implemented those "specific modifications" or whether those "specific modifications" were applicable to Plaintiffs and (2) the information has been sought in discovery through more convenient, less burdensome means.

*Id.* at 1–2.

On January 5, 2026, Plaintiffs filed their response in opposition to Defendant's objections, contending that Topic 24 is a proper and proportional subject for Rule 30(b)(6) testimony and that Defendant failed to establish the Magistrate Judge's ruling was clearly erroneous or contrary to law. [ECF No. 122, at 1].

On January 12, 2026, Defendant filed its reply, largely reiterating its previous arguments. *See generally* [ECF No. 130]. Defendant asserts that any attempt by Plaintiffs to narrow Topic 24 during meet-and-confer discussions merely mirror the Complaint's alleged vagueness and remain overly broad and insufficiently particularized. *Id.* at 1–2. Defendant further argues that it cited Fourth Circuit authority requiring Plaintiffs to first propose a reasonable modification and that the

3

Magistrate Judge's failure to address that authority renders the order clearly erroneous and contrary to law. *Id.* 2–3.

## II. LEGAL STANDARD

Because Defendant's motion relates to a nondispositive discovery matter, I review Magistrate Judge Tinsley's ruling under Federal Rule of Civil Procedure 72(a).

Rule 72(a) provides that an aggrieved party may appeal a nondispositive order of a magistrate judge to the district court within fourteen days after being served with a copy of the decision. Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law." *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (internal quotation marks omitted). Under the clearly erroneous standard, the magistrate judge's findings should not be disturbed unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022) (internal quotation marks omitted). However, "[w]hen review of a magistrate judge's order turns on a pure issue of law, the district court's review is 'plenary' and ultimately Rule 72(a)'s 'contrary to law' standard is effectively the same as *de novo* review." *Blankenship v. Brooks Run Mining Co., LLC*, No. 2:14-cv-26268, 2017 WL 1319825, at *1 (S.D. W. Va. Apr. 5, 2017) (Johnston, J.); *see also Trull v. MAG Mut. Ins. Co.*, No. 3:24-cv-0202, 2025 WL 2723434, at *2 (S.D. W. Va. Sept. 25, 2025) (Chambers, J.).

## III. DISCUSSION

With respect to Topic 24, Magistrate Judge Tinsley found that the information sought is relevant and properly discoverable under Rule 26(b). [ECF No. 103, at 13]. The Magistrate Judge

rejected Defendant's argument that the topic is premature or unduly burdensome, noting that Plaintiffs seek factual information already known to Defendant. *Id.* While other discovery tools, such as contention interrogatories, could yield similar information, Magistrate Judge Tinsley concluded that inquiring into the factual basis of an affirmative defense during a Rule 30(b)(6) deposition is not *per se* improper. *Id.* Magistrate Judge Tinsley further determined that Topic 24 is stated with sufficient specificity and is directed to the facts and the sources underlying Defendant's undue-burden defense. *Id.* Accordingly, the Magistrate Judge overruled Defendant's objection to Topic 24 and denied Defendant's motion for a protective order as to that topic. *Id.* at 14.

Defendant now challenges this ruling, arguing that Topic 24 is not stated with reasonable particularity, not proportional to the needs of the case, and that the information could be obtained through less burdensome means such as written contention interrogatories. [ECF No. 115, at 4–6]. I consider these arguments in turn.

### A. Reasonable Particularity

First, Defendant contends Topic 24 is not stated with reasonable particularity. [ECF No. 115, at 5]. Defendant argues that the Magistrate Judge's finding that Defendant is "aware of the modifications Plaintiffs seek as well as the specific policies at issue in [T]opic 24," [ECF No. 103, at 13], is clearly erroneous because "Plaintiffs provide no citations, exhibits, or evidence to otherwise support this bald assertion," [ECF No. 115, at 5–6].

Rule 30(b)(6) permits a party to depose an entity upon service of a notice "describ[ing] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Upon receipt of such a notice, the responding organization must designate one or more witnesses to testify on its behalf regarding "information known or reasonably available to the organization." *Id.* The reasonable particularity requirement demands sufficient precision to enable the organization to

5

identify an appropriate designee and to prepare that witness to provide informed testimony on the noticed topics. *See, e.g.*, *Lightfoot v. Georgia-Pac. Wood Prod. LLC*, No. 7:16-CV-244-FL, 2017 WL 9440364, at *3 (E.D.N.C. May 1, 2017) (finding that Rule 30(b)(6) topics must place the named organization "on adequate notice as to the area of inquiry so as to sufficiently assist it in identifying the proper deponent").

      Here, Magistrate Judge Tinsley correctly concluded that Topic 24 was stated with reasonable particularity and is limited to the modifications and policies at issue in this case. The topic clearly identifies the subject of inquiry, namely WVU's evaluations of policy modifications to ensure blind students' equal access, and specifies the criteria of interest, namely whether such modifications would fundamentally alter a service or program or impose undue financial or administrative burdens. Plaintiffs have also linked the topic to specific modifications relevant to their claims, including those identified in the Complaint and cited to in their opposition to Defendant's motion for a protective order. *See* [ECF No. 88, at 10]. During meet-and-confer discussions, Plaintiffs further narrowed the scope by identifying eight discrete WVU policies

implicated by Topic 24[1] and agreed to temporally limit that topic,[2] as reflected in the correspondence cited in the parties' briefing before the Magistrate Judge. *Id.* at 11. This record amply supports Magistrate Judge Tinsley's finding that Defendant had sufficient notice of both the requested modifications and the relevant policies to designate and prepare a Rule 30(b)(6) witness.

Moreover, Defendant need not produce information that is protected by attorney-client privilege or the work-product doctrine, but otherwise limiting the Rule 30(b)(6) deposition as Defendant suggests would invite unnecessary disputes and undercut the utility of this important discovery device. "[A] corporation is expected to *create* an appropriate witness or witnesses from information reasonably available to it if necessary," and a corporate designee must testify not only to facts within the corporation's collective knowledge but also about its "position, beliefs, and opinions." *Scott Hutchison Enters., Inc., v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 55 (S.D.W. Va. 2016) (internal quotation marks omitted). Rule 30(b)(6) requires clarity, not a recitation of

---

[1] *See* [ECF No. 72-3, at 2 ("To the extent Defendant requires additional information to prepare a deponent on this topic, Plaintiffs clarify that they seek testimony on whether providing modifications to the following policies would result in a fundamental alter[ation] or undue financial and administrative burden: policies on procurement and contracting regarding student-facing educational technology; policies on evaluating the accessibility of student facing educational technology; policies on remediating inaccessible student-facing educational technology; policies on providing timely course materials in alternative formats to blind students; policies on requiring instructors to provide accessible course materials; policies on providing qualified readers as an accommodation; policies on considering accessibility when reviewing and approving field placement agencies; and policies on providing accommodations or working with field placement agencies to provide accommodations to blind students.")]; *see also* [ECF No. 73-1, at 2 ("As WVU notes, this topic is already limited to modifications for blind students. Plaintiffs clarify that they are not seeking information about WVU's decision to grant or deny each vision-related accommodation request it has received since January 1, 2020. Instead, this topic seeks testimony on the assessments of financial and administrative feasibility of specific modifications/auxiliary aids and services for which WVU is asserting a defense of undue burden or fundamental alteration. . . . Examples include Ms. Lacy's specific request for a reader accommodation that OSA denied, . . . , and the provision or modification of the technologies and materials identified in the complaint to be [in]accessible.")].

[2] *See* [ECF No. 72-2, at 1 ("[Plaintiffs] will voluntarily narrow the timeframe of January 1, 2020, to present for all of the topics.")].

every detail in the complaint, and a party's reluctance or unwillingness to prepare a witness does not transform a sufficiently clear topic into an impermissibly vague one.

Accordingly, I do not find the Magistrate Judge's order to be clearly erroneous or contrary to law. To the extent any ambiguity remains, the order reflects the scope of Topic 24 established by the parties, including a temporal limitation to evaluations conducted after January 1, 2020, which encompasses the period relevant to Plaintiffs' experience at WVU while avoiding an overly expansive inquiry into historic or institution-wide policies unrelated to the claims at issue. Considered in light of the Complaint, the parties' meet-and-confer discussions, and the temporal limitation imposed, Topic 24 is sufficiently precise to satisfy the reasonable particularity standard under Rule 30(b)(6).

### B. Proportionality

Second, Defendant contends that Topic 24 is disproportionate to the needs of the case because it encompasses policy modifications unrelated to Plaintiffs' specific circumstances. [ECF No. 115, at 4]. That contention rests on an exaggerated characterization of the topic's scope.

Rule 26(b)(1) permits discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also Amick v. Ohio Power Co.*, No. 2:13-cv-06593, 2014 WL 468891, at *1 (S.D. W. Va. Feb. 5, 2014) ("For purposes of discovery . . . information is . . . discoverable, if it bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." (internal quotation marks omitted)). While courts must limit discovery that

falls outside this scope, Fed. R. Civ. P. 26(b)(2)(C), discovery aimed at the factual basis of an asserted affirmative defense squarely falls within Rule 26(b)(1).

Here, Defendant affirmatively raised an undue-burden defense in its Answer. [ECF No. 6, at 26 ¶ 7]. Discovery into the factual basis of such a defense is central to ADA and Rehabilitation Act litigation, particularly where, as here, Defendant has exclusive access to the evaluations and analyses at issue. [ECF No. 88, at 12]. Topic 24 does not require Defendant to inventory "every accommodation . . . provided to and considered for any blind student across the entire institution," as Defendant suggests. [ECF No. 115, at 5]. That characterization is not supported by the record and is inconsistent with Plaintiffs' claims, the Complaint, and Plaintiffs' narrowing of the topic during meet-and-confer discussions.

Rather, as the Magistrate Judge recognized, Topic 24 seeks factual information regarding evaluations Defendant has already undertaken to assess the feasibility of specific policy modifications for blind students. [ECF No. 103, at 13]. Given the "substantial amount of discovery" already exchanged in this matter, Magistrate Judge Tinsley reasonably concluded that requiring Defendant to testify regarding existing evaluations would assist in resolving the parties' disputes without imposing an undue burden, and that Plaintiffs' inquiry properly targets the factual basis of Defendant's defenses within the scope of discovery permitted by Rule 26(b)(1). [ECF No. 103, at 13–14].

Defendant's reliance on *National Federation of the Blind v. Lamone*, 813 F.3d 494 (4th Cir. 2016), is also misplaced. [ECF No. 115, at 6; ECF No. 130, at 2–3]. *Lamone* addresses the ultimate burden of proof at trial, not the propriety of discovery into the factual basis of an asserted affirmative defense. *Lamone*, 813 F.3d at 498 ("After a bench trial, the district court found . . . . that plaintiffs' proposed remedy . . . was a reasonable modification . . . ."). Plaintiffs are not

9

required to prove reasonableness at the discovery stage; rather, discovery is the mechanism through which evidence bearing on the reasonableness of a requested change is developed. *J.D. v. Colonial Williamsburg Found.,* 925 F.3d 663, 674 (4th Cir. 2019) ("Reasonableness is generally a fact-specific inquiry . . . .").

At this stage, it is enough that Plaintiffs' proposed modifications are sufficiently specific to put Defendant on notice of the modifications at issue. For example, Plaintiffs allege that "OSA . . . sent Mr. Rogers and Ms. Lacy untagged or improperly tagged PDF files, preventing them from processing the material as a sighted student would." [ECF No. 1, ¶ 41]. Plaintiffs also identify specific learning platforms used by WVU, such as "Yuzu" and "Blackboard," that are incompatible with their assistive technology. *Id.* ¶¶ 44, 49. Plaintiffs allege that access to compatible versions of these systems is necessary for them to engage in coursework on an equal basis with sighted students. *Id.* Evidence bearing on the reasonableness and feasibility of those modifications is appropriately obtained through discovery.

Accordingly, I do not find the Magistrate Judge's decision to permit proportional discovery on Topic 24 to proceed to be clearly erroneous or contrary to law.

**C. Choice of Discovery Method**

Defendant further contends that contention interrogatories would suffice to obtain the information sought. [ECF No. 115, at 5]. However, the mere availability of alternative discovery mechanisms does not render Topic 24 disproportionate. Although Rule 26(b)(2)(C) requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ P. 26(b)(2)(C), it does not permit a responding party to dictate the method of discovery

10

chosen by its opponent. *See also* Fed. R. Civ. P. 26(d)(2)(A) ("[M]ethods of discovery may be used in any sequence . . . .").

Rule 30(b)(6) depositions are an appropriate means of obtaining an organization's institutional knowledge. Magistrate Judge Tinsley expressly considered the availability of contention interrogatories[3] and nevertheless concluded that a Rule 30(b)(6) deposition addressing Defendant's affirmative defenses was appropriate under the circumstances. *Id.* While written discovery may also yield overlapping information, there is no great problem with allowing some overlap between the sorts of information obtained through contention interrogatories and Rule 30(b)(6) depositions. *See Radian Asset Assurance, Inc. v. Coll. of Christian Bros. of N.M.*, 273 F.R.D. 689, 691–92 (D.N.M. 2011) ("[A]llow[ing] parties to craft [R]ule 30(b)(6) inquires similar to contention interrogatories . . . will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy underlying the rules favoring disclosure of information."). Such limited overlap does not render the deposition improper or disproportionate. The need for defense counsel to carefully prepare a Rule 30(b)(6) designee does not itself constitute undue burden as counsel must always do so.

Finding no clearly erroneous factual determinations and no legal conclusions contrary to law, I **OVERRULE** Defendant's objections, [**ECF No. 115**].

### IV.  CONCLUSION

For the foregoing reasons, the court **OVERRULES** Defendant's Partial Objection [**ECF No. 115**] to Magistrate Judge Tinsley's Order.

---

[3] I note that Defendant concedes that it objected to Plaintiffs' written discovery requests on the same issue "on the basis that they were premature, contention interrogatories," *See* [ECF No. 72, at 11 n.5], though it has expressed its willingness to "supplement its discovery responses, as necessary, once the scope of Plaintiffs' claims become known," [ECF No. 72, at 11].

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

        ENTER:        January 14, 2026

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE