IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HAROLD THOMAS ROGERS, et al.,

        Plaintiffs,

v.                                                         CIVIL ACTION NO. 2:25-cv-00182

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion for Leave to File Amended and Supplemental Complaint, filed January 15, 2026. [ECF No. 144]. No response was filed. The matter is ripe for adjudication.

**I.    BACKGROUND**

Plaintiffs instituted this action on March 20, 2025, against the West Virginia University ("WVU") Board of Governors ("WVUBOG"), the President of WVU ("the President"), and the Director of the WVU School of Social Work ("the Director"). [ECF No. 1]. The court entered a Scheduling Order on June 10, 2025, setting June 28, 2025, as the deadline for amending pleadings. [ECF No. 28].

On April 17, 2025, the individual Defendants moved to dismiss the Complaint. [ECF No. 7]. By Memorandum Opinion and Order entered October 6, 2025, the court granted the motion and dismissed Counts I and II as to the President and the Director, without prejudice, concluding that the Complaint failed to plausibly allege their connection to the enforcement of the challenged conduct under *Ex parte Young*. [ECF No. 54].

On December 10, 2025, WVUBOG moved to modify the Scheduling Order to accommodate substantial and ongoing discovery. [ECF No. 106]. Plaintiffs opposed the motion, asserting that discovery delays were attributable to Defendants. [ECF No. 118]. On December 31, 2025, the court granted the motion in part, extending certain deadlines but declining to reopen the expired deadline for amending pleadings. Discovery is currently set to close on April 3, 2026.

Plaintiffs now seek leave to amend their Complaint to allege additional facts supporting the inclusion of the Director as a defendant, asserting that discovery has revealed the Director's personal involvement in the alleged violations and authority to provide the injunctive relief sought. [ECF No. 144, at 1]. Plaintiffs further seek to include factual allegations concerning events occurring after the filing of the original Complaint. *Id.* at 7.

On November 25, 2025, Plaintiffs' counsel provided WVUBOG's counsel with a draft of the proposed Amended Complaint via email and requested consent to file. *Id.* at 4. On December 12, 2025, Plaintiffs' counsel followed up regarding the request. *Id.* On December 13, 2025, WVUBOG's counsel advised that WVUBOG did not consent. *Id.* The instant motion followed; however, WVUBOG filed no opposition.

## II.  LEGAL STANDARD

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). If the good cause standard of Rule 16(b) has been satisfied, the movant must satisfy the tests for amendment under Rule 15(a). *See id.* at 298; *see also RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) ("Although leave to amend a complaint should be 'freely give[n] . . . when justice so requires,' Fed. R. Civ. P. 15(a)(2), 'after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must

be satisfied to justify leave to amend the pleadings[.]'" (quoting *Nourison Rug Corp.*, 535 F.3d at 298)).

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006).

> Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

*Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal citations omitted).

Pursuant to Rule 15(a) "leave to amend a pleading shall be freely given 'when justice so requires.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson*, 785 F.2d at 509). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. A proposed amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

Relatedly, where a party seeks to add allegations concerning "any transaction, occurrence, or event that happened after the date of the pleading," such requests are governed by Federal Rule of Civil Procedure 15(d). Rule 15(d) authorizes the court, "[o]n motion and reasonable notice," to

3

permit a party to serve a supplemental pleading setting forth post-filing events, even where the "original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). As the Fourth Circuit has explained, "[a] supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). But "[t]his distinction is of little practical significance, however, because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Id.* "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)).

III. ANALYSIS

    A. Rule 16(b)

At the time the deadline to amend pleadings passed, the Director remained a party to the case, as the court had not yet ruled on the individual Defendants' motion to dismiss. Accordingly, as Plaintiffs note, they "had no reason to amend." [ECF No. 144, at 6]. The amendment deadline could not reasonably have been met because it passed before Plaintiffs' need to amend arose.

In granting the individual Defendants' motion to dismiss, the court concluded that "the Complaint fails to plausibly allege that either [the President or the Director] has the authority or connection necessary to be a proper defendant under *Ex parte Young*." [ECF No. 54, at 6]. Since that Order, the parties have exchanged a substantial amount of discovery and begun taking depositions. Although Plaintiffs now seek to amend their Complaint after the original scheduling deadline, the record demonstrates that counsel has diligently and timely pursued the information underlying the proposed amendment since the Director was dismissed. Moreover, Plaintiffs represent that little, if any, additional discovery will be necessary. [ECF No. 144, at 9]. Even if

4

further discovery were required, the Amended Scheduling Order provides that discovery does not close until April 3, 2026, and trial is not scheduled until August 11, 2026. [ECF No. 121, at 2]; *see also Doe v. Marshall Univ. Bd. of Govs.*, 683 F. Supp. 3d 522, 529–30 (S.D. W. Va. 2023) (Chambers, J.) (finding that the defendants would not suffer undue hardship or prejudice where the court had recently extended remaining deadlines).

Accordingly, Plaintiffs have satisfied the good cause standard under Rule 16(b).

### B. Rule 15(a)

Plaintiffs must now satisfy the test for amendment under Rule 15(a). Because Defendants did not respond, they have not alleged any prejudice from allowing Plaintiffs to amend the Complaint, nor do I perceive any. The proposed amendment does not introduce new legal theories and is based on information obtained through WVUBOG's own documents and witness testimony. [ECF No. 144, at 9]; *see Laber*, 438 F.3d at 427 ("A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" (quoting *Johnson*, 785 F.2d at 509)). As noted above, Plaintiffs represent that minimal additional discovery will be required. Discovery remains open, and trial is not imminent. Under these circumstances, I find no undue prejudice.

I further find that Plaintiffs' amendment is not futile. An amendment is futile only if it is clearly insufficient or would not survive a motion to dismiss. *Save Our Sound OBX, Inc.*, 914 F.3d at 228. The Director was dismissed without prejudice, suggesting that the pleading deficiencies are not incurable. The proposed Amended Complaint alleges that the Director has authority over student accommodations, field placements, and educational platforms within the School of Social Work, and can effectuate the injunctive relief Plaintiffs seek. [ECF No. 144-1, ¶¶ 30, 35, 46, 53,

5

54, 59, 60, 69, 75, 92, 107, 111]. These allegations sufficiently allege the required connection under *Ex parte Young*. *See Doyle v. Hogan*, 1 F.4th 249, 255 (4th Cir. 2021) ("[T]he officer sued must be able to enforce . . . the specific law the plaintiff challenges."); *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008) (noting that a "special relation" under *Ex parte Young* measures "proximity to and responsibility for the challenged state action," rather than requiring a qualitatively unique connection). Accordingly, I find that good cause exists for Plaintiffs to amend their Complaint, and that the proposed amendment is neither prejudicial nor futile.

### C. Rule 15(d)

To the extent Plaintiffs seek to include factual allegations concerning events occurring after the filing of the original complaint, I find such supplementation permitted under Rule 15(d). Because the standards governing amendment and supplementation are substantially identical, and because no prejudice or futility has been shown, supplementation is appropriate where, as here, the additional allegations relate to the prior pleading and bear directly on the parties' relationship and the relief sought. Accordingly, Plaintiffs are permitted to supplement the Complaint to include these allegations.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File an Amended and Supplemental Complaint, [**ECF No. 144**], is **GRANTED**. The Clerk is **DIRECTED** to file the Amended and Supplemental Complaint, [**ECF No. 144-1**]. Plaintiffs shall effect service of the Amended and Supplemental Complaint in accordance with the Federal Rules of Civil Procedure. Any required response shall be made within the time provided by the Federal Rules of Civil Procedure.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

        ENTER:      February 3, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE