**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

HAROLD THOMAS ROGERS, et al.,

        Plaintiffs,

v.                                   CIVIL ACTION NO.  2:25-cv-00182

WEST VIRGINIA UNIVERISTY BOARD OF GOVERNORS., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion for Leave to File Second Supplemental Complaint. [ECF No. 249]. Defendants responded in opposition, [ECF No. 260], to which Plaintiffs replied, [ECF No. 262]. The matter is ripe for adjudication.

**I.      BACKGROUND**

Plaintiffs instituted this action on March 20, 2025, against the West Virginia University Board of Governors ("WVUBOG"), the President of WVU ("the President"), and the Director of the WVU School of Social Work ("the Director"), alleging violations of Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("Section 504").  [ECF No. 1]. The court entered a Scheduling Order on June 10, 2025, setting June 28, 2025, as the deadline for amending pleadings. [ECF No. 28].

On April 17, 2025, the individual Defendants moved to dismiss the Complaint. [ECF No. 7]. By Memorandum Opinion and Order entered October 6, 2025, the court granted the motion and dismissed Counts I and II as to the President and the Director, without prejudice, concluding

that the Complaint failed to plausibly allege their connection to the enforcement of the challenged conduct under *Ex parte Young*. [ECF No. 54].

On December 10, 2025, WVUBOG moved to modify the Scheduling Order to accommodate substantial and ongoing discovery. [ECF No. 106]. Plaintiffs opposed the motion, asserting that discovery delays were attributable to Defendants. [ECF No. 118]. On December 31, 2025, the court granted the motion in part, extending certain deadlines but declining to reopen the expired deadline for amending pleadings.

Thereafter, Plaintiffs moved for leave to amend and supplement their Complaint. [ECF No. 144]. On February 3, 2026, the court granted Plaintiffs' motion. [ECF No. 162]. Plaintiffs' Amended and Supplemental Complaint added Mary Christensen as a Defendant and included new factual allegations concerning Plaintiffs' claims. [ECF No. 162].

On July 17, 2026, Plaintiffs filed the instant Motion for Leave to File Second Supplemental Complaint, seeking to add "allegations of retaliation against Ms. Lacy in light of new events since Plaintiffs filed their Amended and Supplemental Complaint." [ECF No. 249, at 1]. Specifically, Plaintiffs now seek to add retaliation claims against Defendants relating to interactions between Ms. Lacy and Defendants that took place in June 2026. [ECF No. 250, at 4].

## II.    LEGAL STANDARD

"As a general rule, facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading." *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991). Thus, where a party seeks to add allegations concerning "any transaction, occurrence, or event that happened after the date of the pleading," the request is governed by Federal Rule of Civil Procedure 15(d). Rule 15(d) authorizes a court, "[o]n motion and reasonable notice," to permit a party to serve a supplemental pleading setting

forth post-filing events, even where the "original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). "In short, Rule 15(d) allows a party to bring the case up to date." *Ohio Valley Env't Coal. v. U.S. Army Corps of Eng'rs*, 243 F.R.D. 253, 255 (S.D. W. Va. 2007) (Chambers, J.). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982).

As the Fourth Circuit has explained, "[a] supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "This distinction is of little practical significance, however, because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Id.* "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . .'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Such reasons include "when it has been unduly delayed," "when allowing the motion would prejudice the nonmovant," or when there is "bad faith or futility." *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011).

Whether a proposed supplement is prejudicial will often be determined by its nature and timing. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). A proposed supplement is futile when it is "clearly insufficient or frivolous on its face," *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)), or when the claim it presents would not survive a motion to dismiss, *id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

### III.    ANALYSIS

Plaintiffs seek to supplement the operative complaint with allegations concerning events that allegedly occurred in June 2026. *See generally* [ECF No. 249-1]. The proposed Second Supplemental Complaint realleges the allegations previously asserted and seeks to add new allegations of unlawful retaliation arising from Defendants' alleged response to this litigation. *Id.* More specifically:

> 48. In the summer semester of 2026, Ms. Lacy continued to experience delays in her ability to complete her coursework due to her accessibility needs. In early June 2026, she emailed her point of contact in OSA to explain that she was missing course materials that she needed to complete her readings and assignments, and that the missing materials were delaying her progress. WVU did not respond until mid-June 2026, nearly a month into the summer term and two weeks after Ms. Lacy flagged the missing materials.
>
> . . .
>
> 54. The accessibility barriers on Blackboard persisted in the summer 2026 semester. On June 3, 2026, Ms. Lacy emailed her point of contact in OSA, Dr. Daniel Long, to explain that when she tried to access specific modules in Blackboard for her Financial Management and Grant Writing class using JAWS on a laptop, no key command within the screen reader would allow her to navigate the materials within module folders. In addition, when she attempted to press the "Reply" button to respond to a peer's discussion post within Blackboard using JAWS, she would be removed from the text box portion of the page and have to relocate and reopen it, requiring more time and effort to reply to discussion posts than her sighted peers.
>
> . . .
>
> 146. Ms. Lacy, through counsel, filed an initial Complaint against WVU for disability discrimination on March 11, 2025.
>
> 147. On June 1, 2026, Ms. Lacy emailed Dr. Long expressing (1) confusion and concern about the OSA employees responsible for coordinating her accommodations and addressing her accessibility needs; (2) the role OSA plays in overseeing the delivery of her accommodated course materials; (3) the correct WVU employee to contact when accessibility barriers arise; and (4) the procedures in place to ensure the timely provision of accessible course materials. Ms. Lacy expressed that her accessibility challenges continued to inhibit her ability to complete her coursework. She also stated to Dr. Long that she had experienced

missing materials—including course content and textbook chapters—during the summer 2026 semester.

148. On June 3, 2026, Dr. Long responded to Ms. Lacy stating that he was her point of contact for accessibility but asserting that he would not address her other questions and concerns because of her lawsuit against the University. The sole reason he provided for refusing to answer Ms. Lacy's questions and concerns was Ms. Lacy's pending litigation. He said: "Because you have filed suit against the University on the issues you raise in your email, we are not going to engage on the many points you raise below that we believe are an attempt to advance yours and the National Federation of the Blind's litigation interests and which are in no way related to our ability to continue coordinating your specific accommodations and accessibility needs."

. . .

165. The ADA also prohibits retaliation for engaging in protected activity by prohibiting discrimination against individuals for "oppos[ing] any act or practice made unlawful" by the ADA, or for participating in any way in an investigation proceeding under the ADA. 42 U.S.C. § 12203(a). It also makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed . . . any right granted or protected by" the ADA. *Id.* § 12203(b).

166. Ms. Lacy engaged in protected activity when she filed a lawsuit against Defendants the West Virginia University Board of Governors and the Director of the School of Social Work on March 11, 2025.

167. The Director of WVU's Office of Student Accommodations informed Ms. Lacy that, as a direct result of her lawsuit, he would not engage with questions she asked about her accommodations and accessibility needs and procedures, and the individuals responsible for coordinating her accommodations, addressing her accessibility needs, and remediating accessibility barriers.

168. A reasonable person in Ms. Lacy's position would view the refusal to answer her questions as a materially adverse action taken as a result of engaging in protected activity, and such refusal could stifle a WVU student's willingness to file charges of discrimination.

. . .

179. Section 504 further prohibits any recipient of federal financial assistance "[i]ntimidat[ing] or retaliat[ing] against any individual, whether handicapped or not, for the purpose of interfering with any right secured by Section 504 . . . ." 28 C.F.R. § 42.503(b)(1)(vii).

*Id.* at ¶¶ 48, 54, 146–48, 165–68, 179. Plaintiff seeks to add these allegations of "unlawful retaliation—to her existing ADA and Section 504 claims." [ECF No. 250, at 4].

Defendants argue that the "supplemental allegations are unfairly prejudicial and futile." [ECF No. 260, at 1]. I disagree. The proposed allegations are closely related to the claims already pending in this litigation. Both the existing claims and the proposed retaliation claim concern accommodation and accessibility barriers Ms. Lacy allegedly has experienced at WVU. Moreover, the retaliation allegations concern Defendants' response to Ms. Lacy's pursuit of relief in this action. Allowing supplementation will permit the court to address related conduct in a single proceeding rather than requiring a separate action based on substantially overlapping facts and witnesses. This is consistent with Rule 15(d)'s purpose of avoiding "the cost, delay and waste of separate actions . . . ." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963).

Defendants' primary concern is prejudice. Discovery has closed, the dispositive motions deadline is approaching, and trial is scheduled in approximately three months. [ECF No. 243]. I do not discount this concern, but I find it insufficient to warrant denial of supplementation. Any potential prejudice can be addressed through limited discovery directed to the new allegations. Plaintiffs have already produced the documents underlying the proposed supplement and do not oppose limited additional discovery, including a deposition of Ms. Lacy confined to the supplemental allegations. The need for such targeted discovery does not constitute the type of prejudice that warrants denying leave to supplement. See *McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-cv-25114, 2015 WL 1543124, at *2–3 (S.D. W. Va. Apr. 2, 2015).

Defendants next argue that the proposed supplement is futile because the retaliation claim cannot survive summary judgment and, alternatively, because the allegations are subsumed by Plaintiffs' existing claims. [ECF No. 260, at 4–5]. The Fourth Circuit has approved consideration

of the summary judgment standard in evaluating futility where the district court had already resolved the plaintiff's existing claims on the merits. *Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008). No such disposition has occurred here. Nevertheless, I need not resolve which standard governs at this juncture because the proposed supplement survives futility review under either the Rule 12(b)(6) or the Rule 56 standard.

To state a claim for retaliation under the ADA or Section 504, a plaintiff must allege that she engaged in protected activity, suffered an adverse action, and "that there was a causal link between the protected activity and the adverse action." *Zimmeck v. Marshall Univ. Bd. of Govs.*, 106 F. Supp. 3d 776, 780 (S.D. W. Va. 2015) (quoting *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002)). Here, the parties do not dispute that Ms. Lacy's filing of this lawsuit constitutes protected activity or that Defendants were aware of it. [ECF No. 249-1, ¶ 166; ECF No. 260, at 4–5; ECF No. 262, at 5]. Nor do Defendants argue that Dr. Long's conduct was not causally connected to Ms. Lacy's protected activity. [ECF No. 260, at 4–5]. The only question is whether Ms. Lacy suffered a materially adverse action.

The proposed Second Supplemental Complaint alleges that, on June 1, 2026, Ms. Lacy emailed Dr. Daniel Long, Director of WVU's Office of Student Accommodations, regarding ongoing concerns about accommodation coordination, accessible course materials, and barriers to her coursework. [ECF No. 249-1, ¶ 147]. According to the pleading, Dr. Long responded that, while he remained Ms. Lacy's point of contact for accommodations, he would not address the remaining issues because WVU would "not . . . engage on the many points" she raised, which he characterized as efforts to "advance" her "litigation interests." *Id.* ¶ 148. The pleading alleges that litigation was "the sole reason he provided" for declining to respond. *Id.*

7

Applying the Rule 12(b)(6) standard[1] and accepting those allegations as true, I find that Plaintiffs have plausibly alleged both a materially adverse action and causation. According to the proposed supplemental complaint, Ms. Lacy sought guidance regarding ongoing accommodation issues, including the provision of accessible course materials, the remediation of accessibility barriers, and the procedures for obtaining accommodations. *Id.* ¶ 147. Rather than responding to those concerns, Dr. Long allegedly declined to address them because Ms. Lacy had filed this lawsuit. *Id.* ¶ 148. The relevant inquiry is whether the challenged conduct would have "dissuaded a reasonable" person from engaging in the protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (defining an adverse action as one which "a reasonable [person] would have found . . . materially adverse, [i.e., one which] might have dissuaded a reasonable [person] from making or supporting a charge of discrimination"); *see also Laird v. Fairfax County*, 978 F.3d 887, 893–94 (4th Cir. 2020). Refusing to provide assistance regarding ongoing disability accommodations because a student filed a lawsuit may dissuade a reasonable person in Ms. Lacy's position from further pursuing her discrimination claims.

The claims also survives review under the summary judgment standard[2] urged by Defendants. Defendants rely on the email exchange attached to their opposition and argue that Ms.

---

[1] "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] Summary judgment is appropriate "when 'there is no genuine dispute as to any material fact and the movant is entitled to . . . judgment as a matter of law.'" *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir.2013) (quoting Fed. R. Civ. P. 56(a)). In applying the summary judgment standard, the court views the evidence in the light most favorable to the nonmoving party, and draws all reasonable inferences in her favor. *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019).

Lacy's "pertinent questions were answered." [ECF No. 260, at 5]. But the email does not resolve the claims as a matter of law. Defendants contend that Dr. Long's response demonstrates that he continued to serve as Ms. Lacy's accommodation contact and provided information regarding her outstanding accessibility concerns. *Id.* Plaintiffs, however, contend that Dr. Long declined to address broader questions concerning the coordination and administration of her accommodations because she had filed suit against the University. [ECF No. 250, at 6; ECF No. 262, at 5]. The issue is therefore not whether Dr. Long responded to the email, but whether his refusal to engage on certain accessibility-related issues because of Ms. Lacy's protected activity could constitute a materially adverse action under the ADA and Section 504. Because there is a genuine dispute as to the significance of that response, the issue cannot be determined as a matter of law on the present record. Although general discovery in this matter has closed, discovery specifically directed to the proposed retaliation claim has not yet occurred because the alleged retaliation was not part of the operative pleadings. Indeed, Defendants have requested that the court reopen limited discovery concerning this issue. [ECF No. 260, at 5–6]. Without the benefit of a developed record regarding the circumstances surrounding Dr. Long's response and Defendants' asserted reasons for declining to address certain portions of Ms. Lacy's email, the court cannot conclude that Plaintiffs' proposed retaliation claim fails as a matter of law. The proposed supplement therefore is not futile.

Finally, Defendants argue that the proposed allegations are futile because they are "subsumed" by Plaintiffs' existing claims. [ECF No. 260, at 5]. I disagree. The proposed supplemental allegations do not merely provide additional facts in support of Plaintiffs' existing ADA and Section 504 claims. Rather, they allege a separate theory of liability arising from a distinct event that occurred after the filing of the operative complaint. A retaliation claim is distinct from Plaintiffs' underlying discrimination and accessibility claims. *See Zimmeck*, 106 F. Supp. 3d

9

at 780. The fact that those claims share a factual background with existing claims does not render them duplicative or futile. Rule 15(d) permits a party to supplement an existing action with later-arising claims so long as those claims are sufficiently related to the original action. *See Ohio Valley Env't Coal.*, 243 F.R.D. at 257.

## IV. LIMITED DISCOVERY AND REVISED CASE SCHEDULE

Federal Rule of Civil Procedure 15(d) provides that the court may allow a party to supplement their pleading on "just terms." Fed. R. Civ. P. 15(d). Because Defendants have requested limited discovery in the event leave is granted, and Plaintiffs do not oppose that request, I find good cause to reopen discovery for the limited purpose of addressing the supplemental allegations. Defendants may take the deposition of Plaintiff Miranda Lacy, limited in scope to the allegations set forth in Paragraphs 48, 54, 147–48, 165–68, and 179 of the Second Supplemental Complaint. The parties may serve limited written discovery directed solely to the supplemental allegations. Any supplemental discovery authorized by this Memorandum Opinion and Order shall be completed on or before **September 4, 2026.**

To accommodate this limited reopening of discovery without disrupting the progression of the remainder of the case, I find good cause to extend the remaining pretrial deadlines.[3] An amended scheduling order will be entered forthwith.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Supplemental Complaint, [**ECF No. 249**], is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to

---

[3] On July 27, 2026, Plaintiffs filed an Unopposed Motion to Modify Dispositive Motions Deadline. [ECF No. 258]. Because the amended scheduling order will provide a longer extension than the modification requested by Plaintiffs, the motion, [**ECF No. 258**], is **DENIED as moot**.

10

counsel of record and any unrepresented party.

ENTER:        August 3, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

11