**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Charleston Division**

**HAROLD THOMAS ROGERS, et al.,**

**Plaintiffs,**

**v.**

**Case No.: 2:25-cv-00182**
**Judge Joseph R. Goodwin**

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, et al.,**

**Defendants.**

---

**IN THE CIRCUIT COURT OF GRANT COUNTY, WEST VIRGINIA**

**METTIKI COAL, LLC**

**Plaintiff,**

**v.**

**Civil Action No. 25-C-2**
**The Honorable James W. Courrier, Jr.**

**POTOMAC-NORTH, INC.**

**Defendant.**

## NOTICE OF CONFLICT OF DATES

Undersigned counsel, pursuant to Local Rule of Civil Procedure 83.12 and West Virginia Trial Court Rule 5.04, presents this notice of conflict in dates between the above captioned matters pending in the United States District Court for the Southern District of West Virginia and the Circuit Court of Grant County, West Virginia. Upon the filing of a notice of a conflict, Trial Court Rule 5.05 states the "judges of the courts involved in a scheduling conflict shall promptly confer, resolve the conflict, and notify counsel of the resolution."

Seth P. Hayes is lead counsel for the Defendants in *Harold Thomas Rogers, et al. v. West Virginia University Board of Governors, et al.*, Case No.: 2:25-cv-00182, pending in the United States District Court for the Southern District of West Virginia (Goodwin, J.) ("*Rogers*"). Mr. Hayes is also lead counsel for the Plaintiff in *Mettiki Coal, LLC v. Potomac-North, Inc.*, Case No. CC-12-2025-C-2, pending in the Circuit Court of Grant County, West Virginia (Courrier, J.) ("*Mettiki*").

On August 3, 2026, United States District Court Judge Joseph R. Goodwin entered the Fourth Amended Scheduling Order and set a start date for a jury trial to begin on January 5, 2027. In the original Rule 26(f) Joint Report of the Parties' Planning Meeting, the parties represented that they expected trial to take approximately seven (7) days. In *Rogers*, the circumstances giving rise to the complaint allegedly began during the 2022-23 school year. The plaintiffs have alleged violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act and seek damages, injunctive, and declaratory relief. The original complaint was filed on March 20, 2025. Discovery has been completed, and the Court recently reset dispositive motion deadlines. Following the initial scheduling order, the trial date has been rescheduled three times at the request of the parties to continue discovery.

On April 28, 2026, Grant County Circuit Judge James W. Courrier, Jr., entered an order which set *Mettiki* for trial on January 12, 2027. In *Mettiki*, the events underlying the complaint occurred in 2024. The complaint was originally filed on February 13, 2025. The Plaintiff has brought claims against the Defendant for breach of contract. Discovery is set to close on October 30, 2026.

Trial Court Rule 5.03 lists several additional factors to consider in resolving scheduling conflicts:

- Trial Court Rule 5.03(a) - the "age of the cases and number of previous continuances." In *Rogers*, three prior continuances have been granted.
- Trial Court Rule 5.03(b) - "whether sanctions for delay have been previously imposed." No sanctions for delay have been imposed in either matter.
- Trial Court Rule 5.03(c) - "the complexity of the cases." *Rogers* is more complex.
- Trial Court Rule 5.03(d) - "the estimated trial time." *Rogers* is scheduled to last approximately two weeks, while *Mettiki* is scheduled to last two days.
- Trial Court Rule 5.03(e) - "the number of attorneys and parties involved." *Rogers* involves both out of state and in-state parties, as well as numerous attorneys for each party, while *Mettiki* has two attorneys of record for the Plaintiff and one attorney for the Defendant.
- Trial Court Rule 5.03(f) - "whether the majority of parties and witnesses are local or will be summoned from outside the venue." *Rogers* will involve multiple witnesses being summoned from outside the venue.
- Trial Court Rule 5.03(g) - "whether the trial involves a jury." Both *Rogers* and *Mettiki* will involve jury trials.
- Trial Court Rule 5.03(h) - "the difficulty or ease of rescheduling." *Rogers* is considerably more complex to reschedule.

Taking these factors in turn, counsel submits that *Rogers* takes precedence. Counsel certainly recognizes that there could be a different view taken by one or more of the other parties and/or courts involved in these matters.

Pursuant to the West Virginia Trial Court Rule 5.04, a copy of this *Notice of Conflict of Dates* is being provided to the clerks of the court, presiding judges, and counsel of record in both

the *Rogers* case and the *Mettiki* case. Once the Honorable Joseph R. Goodwin and the Honorable James W. Courrier, Jr., have conferred pursuant to Trial Court Rule 5.04, counsel will, if so directed, assume the responsibility to promptly confer with counsel for the parties in whichever case is to be rescheduled.

Respectfully submitted,

**WEST VIRGINIA UNIVERSITY**

**BOARD OF GOVERNORS,**

**and MARY CHRISTENSEN**

By Counsel,

*/s/ Seth P. Hayes*
Seth P. Hayes (WVSB No. 10381)
Jackson Kelly PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, West Virginia 26501
Telephone: 304-284-4150
Facsimile: 304-284-4142
shayes@jacksonkelly.com

and

Benjamin J. Wilson (WVSB No. 13279)
Jenna R. Fonner (WVSB No. 14624)
Alexander L. Worrell (WVSB No. 14826)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Facsimile: 304-340-1080
benjamin.wilson@jacksonkelly.com
jenna.fonner@jacksonkelly.com
alex.worrell@jacksonkelly.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

HAROLD THOMAS ROGERS, MIRANDA LACY, THE NATIONAL FEDERATION OF THE BLIND, and THE NATIONAL FEDERATION OF THE BLIND OF WEST VIRGINIA,

Plaintiffs,

v.

Case No.: 2:25-cv-00182
Judge Joseph R. Goodwin

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, and MARY CHRISTENSEN, in her official capacity as Director of the West Virginia University School of Social Work,

Defendants.

**CERTIFICATE OF SERVICE**

I, Seth P. Hayes, counsel for Defendants, do hereby certify that the *foregoing Notice of Conflict of Dates* was electronically filed with the Clerk of the Court using the CM/ECF system, on this 21st day of October 2026, to the following counsel of record:

Nicholas P. Ward
Jodi Durham
Disability Rights of West Virginia
5088 Washington Street, West, Suite 300
Charleston, West Virginia 25313

Eve L. Hill
Lauren J. Kelleher
Erin E. O'Neill
Marisa Leib-Neri
Brown, Goldstein & Levy LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202

*/s/ Seth P. Hayes*
Seth P. Hayes (WVSB No. 10381)